UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | |
|---|---|
| **J. DOE,** : | |
| : | |
| **Plaintiff,** : | |
| : | |
| v. : | Civil Action No. 3:25-CV-00094 |
| : | |
| **ALBEMARLE COUNTY SCHOOL BOARD** : | |
| : | |
| **Defendant.** : | |
| : | |

### CONSENT MOTION FOR LEAVE TO FILE EXHIBITS UNDER SEAL

Plaintiff respectfully submits this Motion to File Documents Under Seal in the above-captioned matter. Pursuant to Local Rule 9, prior to the issuance of a sealing order, a party must provide: (a) a generic, non-confidential identification of the document to be sealed; (b) the bases upon which the party seeks the order, including the reasons why alternatives to sealing are inadequate; and (c) the duration for which sealing is requested. In support of the instant Motion:

a) Plaintiff requests permission to provide the Court with unredacted versions of two exhibits (Exhibit 2 – Plaintiff Declaration and Exhibit 15 – Parents Declaration) submitted in support of their application for a temporary restraining order and preliminary injunction. The proposed exhibits are identical to those already appearing in the Court record, with the exception that they reveal identifying information regarding the J. Doe plaintiff. Defendant, through counsel, has consented to Plaintiff filing under a pseudonym to protect their privacy.

b) The basis for the request is identical to that previously briefed in Plaintiff's motion to proceed as "J. Doe" plaintiff.

c) Plaintiff requests that the documents remain sealed indefinitely.

*See In re Knight Publishing Co.*, 743 F.2d 231,235 (4th Cir. 1984) ("[A] trial court has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests."). Should the Court agree that Plaintiff may proceed under the name "J. Doe," sealing of the unredacted exhibits would not deprive the public of any significant information and would serve solely to effectuate the Court's ruling that it is permissible for Plaintiff to litigate to restore his status while preserving their privacy interests.

        Respectfully submitted,

        J. DOE
        By Counsel

        /s/ *Alexis I. Tahinci*

        Alexis I. Tahinci
        VSB No. 85996
        Tahinci Law Firm PLLC
        105 Ford Ave., Suite 3
        Kingsport, TN 37663
        Tel: (423) 406-1151
        Fax: (423) 815-1728
        alexis@tahincilaw.com

        Lauren E. Baum, Esq.
        Law Office of Lauren E. Baum, PC
        240 W Main St
        Suite 100 - V32
        Charlottesville, VA 22902
        202-450-1396
        l.baum@laurenebaumlaw.com
        *Application for admission pro hac vice pending*