IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| J. Doe, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 3:25-cv-00094 |
| Albemarle County School Board, | ) |
| Defendant. | ) |

**VICTORIA COBB'S MOTION TO INTERVENE AND BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER**

Victoria Cobb hereby moves to intervene pursuant to Fed. R. of Civ. P. 24(b). She has significant interest in this matter as she is the intended speaker for tomorrow's Student Club event, has a significant interest in being able to express herself and to present her perspective consistently with her religious viewpoints, and she has already arranged for travel and incurred costs for the security she arranged for prior to this event. Ms. Cobb requests that her Motion to Intervene be granted and that Plaintiff's Motion for Temporary Restraining Order be denied.

**I.    Background**

With more than 1,000 high school student clubs nationwide, Turning Point USA (TPUSA) is the most prominent conservative student Club in America, and its chapter at Western Albemarle High School is its largest Club chapter in Virginia. In the past year, the Club has hosted major lunch-hour events including an event with TPUSA spokeswoman Isabel Brown and two other events with former Republican U.S. Congressman Bob Good. Each of its events occurred without any material problem or disruption to the school environment.

Early this September, the Club arranged to host an event in a school classroom on October 1, 2025, during the usual lunch period allocated for such activities. As always, students would be invited to attend on a purely voluntary basis. For this event, the Club arranged to host guest speaker Victoria Cobb, President of The Family Foundation, a non-partisan, faith-based organization that advocates for policies based on Biblical principles that enable families to flourish at the state and local level. The planned event was titled "Two Genders One Truth."

However, when the school principal learned about the planned event, she directed that it be cancelled, saying, among other things, that the planned topic was too "complex," "controversial," and "mature."

However, illuminating the problems with Plaintiff's action here, the School actively permits a separate club to host lunch-period meetings that directly focus on issues regarding sexuality from a perspective contrary to the views held by the TPUSA Club and Ms. Cobb. The School hosts a "Gender and Sexuality Alliance" Club (GSA Club) in a School classroom during the School's lunch periods which meets weekly. These GSA meetings focus on issues relevant to persons who are self-identified "LGBTQIA+".

After the school principal made this cancellation decision, Intervenor brought her concerns to the School Board, which promptly reversed course. It determined that the Student Club and Ms. Cobb could proceed with their event. Thus, the event was subsequently scheduled to occur on November 19, 2025.

Today, just before noon, counsel for Intervenor became aware of this lawsuit. For the reasons to be set forth at today's hearing as well as for the reasons below, the Court should deny Plaintiff's Motion for Temporary Restraining Order.

## II. Authorities

**Equity and Rule 19.** It has long been the rule in the Fourth Circuit that "equity ministers to the vigilant, not to those who sleep upon their rights." *Perry v. Judd*, 471 Fed. Appx. 219, 224 (2012). Here, despite the School Board's decision to permit this event over a month ago, only this week has Plaintiff filed suit. This cannot be timely to seek the extraordinary relief at issue here. Additionally, Plaintiff's failure to notify Intervenor's about this matter (or in some way involve Ms. Cobb) is problematic when Fed. R. Civ. P. 19 requires the joinder of parties who are "so situatied that disposing of the action in the person's absence may . . . as a practical matter impair or impede the person's ability to protect the interest," as is the posture of Ms. Cobb here.

**Title IX.** Beyond this, Title IX is not properly implicated in this matter. Title IX provides that "[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 USC § 1681(a). Here, Ms. Cobb wishes to speak to a student club with voluntary attendees hosted by a Student Club, not the School Board itself. Title IX, therefore, is inapposite to this case.

**Equal Access Act.** Instead, federal Law actively requires the School Board to permit this event. The Equal Access Act provides that, for a federally-funded school with a "limited open forum," it is illegal "to deny equal access . . . or discriminate against any students who wish to conduct a meeting within that limited open forum on the basis of the religious, political, philosophical, or other content of the speech at such meetings." 20 U.S.C. § 4071. Here, the Student Club has chosen to present Ms. Cobb as one of its speakers. Exclusion of Ms. Cobb as a speaker would directly contradict the requirements of this statute.

**First Amendment.** And finally, excluding Ms. Cobb as a speaker would constitute impermissible viewpoint discrimination in violation of the First Amendment. Of bedrock importance is the settled fact that "the government may not prohibit the expression of an idea simply because society finds the idea itself offensive or disagreeable." *Texas v. Johnson*, 491 U.S. 397, 414 (1989). Time and again, the Supreme Court has held, both within and outside the school context, that the government may not prohibit speech based on the "mere desire to avoid the discomfort and unpleasantness that always accompany an unpopular viewpoint." *See Tinker v. Des Moines Indep. Cmty. Sch. Dist.*, 393 U.S. 503, 509 (1969); *303 Creative LLC v. Elenis*, 600 U.S. 570, 602 (2023) ("if liberty means anything at all, it means the right to tell people what they do not want to hear."). Moreover, the Supreme Court has observed, speech on issues such as "sexual orientation and gender identity . . . undoubtedly" are matters of "profound value and concern to the public" occupying "the highest rung of the hierarchy of First Amendment values" and meriting "special protection." *Janus v. Am. Fed'n of State Cnty., & Mun. Emps., Council 31*, 585 U.S. 878, 913–14 (2018). And when the government "establishes a limited public forum," it may not "discriminate against speech on the basis of viewpoint." *Good News Club v. Milford Cent. Sch.*, 533 U.S. 98, 106 (2001).

## Conclusion

Plaintiff filed this suit with little time for anyone to oppose her claims, and she failed to join significantly important parties. Beyond this, Title IX does not apply. Rather, the Equal Access Act and First Amendment Principles show that the School Board must permit Ms. Cobb to present. Temporary Restraining Orders are extraordinary measures and only should be granted in the rarest of circumstances. Such circumstances do not apply here. Thus, Ms. Cobb requests that she be permitted to intervene, and that Plaintiff's Motion for Temporary Restraining Order be denied.

Dated: November 18, 2025                    Respectfully submitted,

**VICTORIA COBB**

/s/ Michael B. Sylvester
Joshua A. Hetzler, Esq. (VA Bar No. 89247)
Michael B. Sylvester, Esq. (VA Bar No. 95023)
FOUNDING FREEDOMS LAW CENTER
707 E. Franklin Street
Richmond, VA 23219
Telephone: (804)-971-5509
josh@foundingfreedomslaw.org
michael@foundingfreedomslaw.org

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 18th day of November, 2025, a copy of the foregoing was served, via email on counsel of record.

                                        /s/ Michael B. Sylvester
                                          Michael B. Sylvester